IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00293-BNB

COREY BURGESS,

     Applicant,

v.

CHARLES A. DANIELS,

     Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Corey Burgess, is a prisoner in the custody of the Federal Bureau of

Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High

Security, in Florence, Colorado.  He initiated the instant action by filing *pro se* an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1).  He

has paid the $5.00 filing fee.

On March 12, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF

No. 11) directing Respondent to file a preliminary response limited to addressing the

affirmative defense of exhaustion of administrative remedies if Respondent intended to

raise that defense in this action.  On April 1, 2013, Respondent filed a preliminary

response (ECF No. 20).  On April 12, 2013, Mr. Burgess filed a reply (ECF No. 22) to

the preliminary response.  On April 17, 2013, Respondent filed an amended preliminary

response (ECF No. 23) to correct references in the preliminary response to the page

number of the attachments to the April 1 preliminary response.  Also on April 17,

Magistrate Judge Boland entered an order (ECF No. 24) allowing Mr. Burgess twenty-one days in which to file an amended reply.  On April 29, 2013, Mr. Burgess filed an amended reply (ECF No. 29).

The Court must construe liberally the filings of Mr. Burgess because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Burgess was convicted in the United States District Court for the Eastern District of Missouri and currently is serving a seventy-seven month sentence plus a two-year term of supervision for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ECF No. 23 at 3; ECF No. 20, ex. A at 2, ¶ 4.  He has a projected release date of June 4, 2014, via a good conduct time release.  ECF No. 23 at 3; ECF No. 20, ex. A at 2, ¶ 4.

As his first claim, Mr. Burgess argues that the BOP violated his constitutional rights by failing to submit him for pre-release to placement in a Residential Re-entry Center (RRC) under 18 U.S.C. § 3624(c).  ECF No. 1 at 4.  He contends prison staff has not acted due to a pending incident report not yet addressed by a disciplinary hearing officer (DHO).  *Id.* at 4, 9.  Mr. Burgess also complains he was denied a staff representative to help him complete the United Disciplinary Committee process for referral of his disciplinary report to a DHO.  *Id.* at 13.

As his second claim, Mr. Burgess alleges that his placement in a Special Management Unit (SMU) program violates 18 U.S.C. § 3624(c)(6)(B) and (C), the

2

Second Chance Act, and his constitutional rights. *Id.* at 6, 19-20.  He contends the SMU does not prepare inmates to re-enter society, which apparently concerns him because he has a 2014 projected release date. *Id.* at 20.  He further contends the seventeen to nineteen months it takes the BOP to assess a request for placement in a halfway house violates the Second Chance Act. *Id.* at 6.

As his third and final claim, Mr. Burgess contends that his two-year term of supervised release is unconstitutional because it imposes a consecutive sentence on his seventy-seven month sentence and, thus, constitutes a double sentence. *Id.* at 36-39, 42.  As relief, he asks for unconditional release from twenty-three-hour lockdown, proper assessment of his request for RRC evaluation, unconditional release to an RRC or other conditions that will prepare him for re-entry into society, gratuity benefits of $250 to $500, and $75,000 in punitive damages. *Id.* at 51-52, 54.

Respondent argues that habeas corpus claims one and three should be dismissed for failure to exhaust administrative remedies, and claim two, which Respondent concedes Mr. Burgess did exhaust, should be dismissed as a challenge to conditions of his confinement not cognizable in a habeas corpus action.  For the reasons stated below, all three claims will be dismissed without prejudice, the habeas corpus claims (claims one and three) for failure to exhaust administrative remedies and the conditions-of-confinement claim (claim two) as inappropriately raised in a habeas corpus action.  Mr. Burgess may assert the conditions-of-confinement claim in a separate action initiated pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus

3

relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Burgess.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11).  *See* 28 C.F.R. §§ 542.13 - 542.15.  Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels.  *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different

4

case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect can be corrected, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Mr. Burgess failed to exhaust his first claim because he failed to follow BOP procedures before filing the instant habeas corpus application. On July 10, 2012, Mr. Burgess attempted to file administrative remedy No. 695871-F1 concerning his pre-release RRC placement, which the warden rejected on the same day for procedural reasons. ECF No. 20, ex. A-1 (Declaration of Kara Lundy) at 5, ¶ 14; *see also* ECF No. 20, ex. A-2 at 37. Specifically, Mr. Burgess failed to demonstrate he completed informal resolution, and he was provided with fifteen days to resubmit his remedy. ECF No. 20, ex. A-1 at 5, ¶ 14; *see also* ECF No. 20, ex. A-2 at 37.

On July 27, 2012, Mr. Burgess refiled his administrative remedy (No. 695871-F2), which the warden denied. ECF No. 20, ex. A-1 at 5-6, ¶ 15; *see also* ECF No. 20, ex. A-2 at 38. On August 28, 2012, Mr. Burgess attempted to appeal (No. 695871-R1) the warden's response, which was rejected for procedural reasons because Mr. Burgess failed to submit to the regional director a copy of his administrative filings at

lower levels.  He was allowed fifteen days within which to resubmit his appeal.  ECF No. 20, ex. A-1 at 6, ¶ 16; *see also* ECF No. 20, ex. A-2 at 38.  On October 2, 2012, Mr. Burgess appealed (No. 695871-A1) this rejection to the Central Office, which rejected the appeal because Mr. Burgess filed it at the wrong level.  ECF No. 20, ex. A-1 at 6, ¶ 17; *see also* ECF No. 20, ex. A-2 at 40.  Specifically, he needed to submit a BP-10 appeal to the regional director and include the BP-9 filings with it, instead of filing a BP-11.  ECF No. 20, ex. A-1 at 6, ¶ 17; *see also* ECF No. 20, ex. A-2 at 40.  Mr. Burgess was allowed fifteen days to resubmit his appeal at the regional level.  ECF No. 20, ex. A-1 at 6, ¶ 17; *see also* ECF No. 20, ex. A-2 at 40.  As of March 26, 2013, Mr. Burgess had not resubmitted administrative remedy 695871 as directed.  ECF No. 20, ex. A-1 at 6, ¶ 18.

Instead of complying with the Central Office's directions, on December 31, 2012, Mr. Burgess made a new filing, administrative remedy No. 717106-F1, in which he claimed he was being denied pre-release RRC placement.  ECF No. 20, ex. A-1 at 6-7, ¶ 19; *see also* ECF No. 20, ex. A-2 at 43.  The request was denied.  ECF No. 20, ex. A-1 at 6-7, ¶ 19; *see also* ECF No. 20, ex. A-2 at 43.  On January 18, 2013, Mr. Burgess appealed (No. 717106-R1) this denial to the regional office.  ECF No. 20, ex. A-1 at 7, ¶ 20; *see also* ECF No. 20, ex. A-2 at 45.  On February 4, 2013, the appeal was denied. ECF No. 20, ex. A-1 at 7, ¶ 20; *see also* ECF No. 20, ex. A-2 at 45.

Mr. Burgess attempted to appeal (No. 717106-A1) this denial to the Central Office, which rejected the appeal because Mr. Burgess failed to submit a copy of his administrative filings at the lower levels.  ECF No. 20, ex. A-1 at 7, ¶ 21; *see also* ECF No. 20, ex. A-2 at 49.  The Central Office allowed Mr. Burgess fifteen days to resubmit

his appeal.  ECF No. 20, ex. A-1 at 7, ¶ 21; *see also* ECF No. 20, ex. A-2 at 49.  As of

March 26, 2013, Mr. Burgess had not resubmitted administrative remedy No. 717106 as

directed.  ECF No. 20, ex. A-1 at 7, ¶ 22.  As a result, Mr. Burgess has failed to exhaust

administrative remedies for claim one concerning RRC placement.

Similarly, Mr. Burgess also failed to exhaust his third claim because he did not

follow proper BOP exhaustion procedures before filing the instant habeas corpus

application.  On October 22, 2012, Mr. Burgess filed administrative remedy No. 709867-

F1 regarding his term of supervised release.  ECF No. 20, ex. A-1 at 9, ¶ 28; *see also*

ECF No. 20, ex. A-2 at 41.  In response, the warden informed Mr. Burgess his term of

supervised release would begin after he completed his term of imprisonment.  ECF No.

20, ex. A-1 at 9, ¶ 28; *see also* ECF No. 20, ex. A-2 at 41.

On December 17, 2012, Mr. Burgess attempted to appeal (No. 709867-R1) the

warden's response.  ECF No. 20, ex. A-1 at 9, ¶ 29.  The regional office rejected the

filing as untimely because Mr. Burgess failed to file it within twenty days of the date the

warden signed the response, as required by BOP procedures.  ECF No. 23 at 7; ECF

No. 20, ex. A-1 at 9, ¶ 29; *see also* ECF No. 20, ex. A-2 at 42.

On January 14, 2013, Mr. Burgess attempted to refile the appeal (No. 709867-

R2), which was rejected because it was submitted to the wrong level in violation of BOP

procedures.  ECF No. 20, ex. A-1 at 9, ¶ 30; *see also* ECF No. 20, ex. A-2 at 45.  It was

deemed submitted to the wrong level because Mr. Burgess did not file the appeal by the

required deadline.  ECF No. 23 at 7.

On February 4, 2013, Mr. Burgess appealed (No. 709867-A1) the rejection to the

Central Office, which rejected the appeal, agreeing with the regional office that the

appeal was submitted to the wrong level and advising Mr. Burgess to resubmit his appeal with a staff memorandum on BOP letterhead explaining why the untimely appeal was not his fault.  ECF No. 20, ex. A-1 at 9-10, ¶ 31; *see also* ECF No. 20, ex. A-2 at 47.  The memorandum would have provided the region with the information necessary to determine whether an extension to the filing deadline was appropriate under 28 C.F.R. § 542.14(b).  ECF No. 20, ex. A-1 at 9-10, ¶ 31.  As of March 26, 2013, Mr. Burgess has not resubmitted No. 709867 at any level of the administrative remedy process.  ECF No. 20, ex. A-1 at 10, ¶ 32.  Therefore, Mr. Burgess failed to exhaust administrative remedies for his third claim concerning supervised release.

Mr. Burgess contends that exhausting his first and third claims would be futile because the Central Office takes too long to respond to appeals, if it responds at all.  ECF No. 1 at 6, 17, 43.  The exhaustion requirement may be waived if exhaustion would be futile.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  However, the futility exception is narrow.  *See id.*  "Futility exists where resort to [administrative] remedies is clearly useless."  *DeMoss v. Matrix Absence Mgmt., Inc.*, 438 F. App'x 650, 653 (10th Cir. 2011).  Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."  *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).

The Court is not persuaded by Mr. Burgess's conclusory assertions that exhaustion of administrative remedies would be futile.  An inmate who files a BP-11 with the Central Office and does not receive a response in forty days (or sixty days if the BOP extends the deadline) may consider his appeal denied.  28 C.F.R. § 542.18 (mandates response by warden in forty calendar days, allowing for a twenty-day

extension at the Central Office level).  Therefore, after forty or sixty days of filing a BP-11 appeal with the Central Office, an inmate may file an action in federal district court, assuming he properly exhausted administrative remedies at the BP-9 and BP-10 levels. This waiting period does not render proper exhaustion futile.

Mr. Burgess also claims the BOP's administrative remedy process is inadequate to protect him from "irreparable injuries," although he fails to specify those alleged injuries.  ECF No. 1 at 5, 17, 36, 45.  On occasion, the United States Court of Appeals for the Tenth Circuit has waived exhaustion requirements where irreparable harm otherwise would result.  *See Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010) (citing *Forest Guardians v. United States Forest Serv.*, 579 F.3d 1114, 1121-22 (10th Cir. 2009), and *Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1203 (10th Cir. 1998).  However, Mr. Burgess has failed to demonstrate any reason why requiring him to exhaust BOP administrative remedies would cause irreparable harm.  *See Steck*, 393 F. App'x at 560 (requiring applicant to exhaust because he had not cited any reason why the BOP's failure to transfer him to an RRC would result in irreparable harm). Therefore, the irreparable injury exception is inapplicable.

In conclusion, the Court finds that Mr. Burgess has failed to exhaust administrative remedies for his asserted habeas corpus claims (claims one and three), which will be dismissed without prejudice for that reason.  The Court also finds that the conditions-of-confinement claim (claim two) is raised inappropriately in a habeas corpus action, will be dismissed without prejudice for that reason, and may be asserted in a separate action initiated pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Burgess files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus claims one and three are dismissed without prejudice for failure to exhaust administrative remedies, and conditions-of-confinement claim two is dismissed without prejudice as inappropriately raised in a habeas corpus action.  It is

FURTHER ORDERED that the habeas corpus application is denied without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  2nd  day of _____May_____, 2013.

BY THE COURT:


   __s/Lewis T. Babcock_____
   LEWIS T. BABCOCK, Senior Judge
   United States District Court

11